UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:08-CV-27-F

| | | |
|---|---|---|
| CHERYL BASNIGHT,<br>Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| JOHN E. POTTER, Postmaster General<br>U.S. Postal Service,<br>Defendant. | )<br><br>) | |

This matter is before the court on Defendant's Motion to Dismiss [DE-7]. The instant motion was held in abeyance following this court's grant of an extension [DE-11] to allow the *pro se* plaintiff additional time to effect proper service in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The extension deadline has passed, and accordingly, the Clerk of Court resubmitted Defendant's 12(b)(5) Motion to Dismiss, which is now ripe for consideration.

The plaintiff, Cheryl Basnight ("Basnight"), filed a Complaint [DE-1] on July 3, 2008, against her employer, the Postmaster General of the United States Postal Service, alleging what the court interprets as wrongful termination.[1] She seeks a $350,000 settlement, restoration of

---

[1] The Complaint contains no statement of Basnight's legal grounds, but for purposes of the instant motion, the court assumes it is an employment discrimination action pursuant to Title

1

thirty-eight days of leave without pay, all annual leave and sick leave, a jury trial and appointment of counsel.

On March 18, 2009, the clerk of this court caused Notice [DE-4] to be directed to Basnight, advising that she had not demonstrated service on all defendants within 120 days from filing the Complaint, and alerting her that, unless she showed good cause why such service was not timely made, this action would be dismissed without prejudice. Basnight responded by mailing the Clerk's Office copies of certified mail return receipts [DE-5] addressed to:

| | |
|---|---|
| U.S. Department of Justice<br>Attorney's Off.<br>Attn: Intake Clerk, Civil Process Clerk<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530-0001 | Return receipt shows receipt<br>Oct. 30, 2008 |
| John E. Potter<br>Postmaster General<br>U.S. Postal Service<br>475 L'Enfant Plaza SW<br>Washington, D.C. 20260-1000 | Return receipt shows receipt<br>Oct. 30, 2008 |

Additionally, on March 27, 2009, Basnight wrote to the Clerk of Court asserting her belief that certified mail was a permissible means of service of process, and asking whether she was mistaken. *See* [DE-6].

On April 1, 2009, "Defendant, the Postmaster General of the United States Postal Service, by and through the United States Attorney for the Eastern District of North Carolina," filed the instant motion to dismiss [DE-7] for Basnight's alleged failure to effect proper service of process "on the Untied States" in accordance with Rules "4(i)(1) and (2)" Federal Rules of Civil Procedure, as required by Rules 4(m) and 12(b)(5).

---

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

2

The Rules state that to effect proper service on the United States, a plaintiff must: (A) *deliver a copy of the summons and the complaint to the United States Attorney for the district in which the action is pending* and (B) send a copy of the summons and the complaint to the United States Attorney General by registered or certified mail. *See* FED. R. CIV. P. 4(i)(1)(A-B) (emphasis added). Additionally, to effect proper service on a United States officer or employee sued in an official capacity, a copy of the summons and complaint must be sent by registered or certified mail to the officer or employee. *See* FED R. CIV. P. 4(i)(2). While Basnight did not so specify, it appears that she sued Potter in his official capacity.

While Basnight did not respond to Defendant's motion, per se, on April 21, 2009, she filed her Motion for Extension of Time [DE-10] "to execute proper and complete service." When allowing Plaintiff's extension request, the undersigned noted that it appeared Basnight had not yet attempted service on the United States Attorney for the Eastern District of North Carolina, as required. *See* [DE-11]. Plaintiff thereby was made aware of her deficiency and the need to remedy the fatal omission. Plaintiff was allowed until June 15, 2009, "to demonstrate that she ha[d] effected service of process on all entities required to receive it according to the Federal Rules of Civil Procedure and any applicable Local Rules of this court." [DE-11].

While *pro se* litigants sometimes are entitled to leniency, the Supreme Court has stated, "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, Basnight was afforded ample opportunity to correct her error and chose not to do so within the time afforded her by this court's discretion.

Accordingly, Defendant's Motion to Dismiss hereby is ALLOWED. The Clerk of Court

is directed to CLOSE this case.

    SO ORDERED.

    This the 24th day of June, 2009

                                            _____

                                            JAMES C. FOX

                                            Senior United States District Judge